Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2364 | **DATE** | 4-27-11 |
| **CASE TITLE** | Terry D Wilson (#19602) vs. Patrick J. Hermann, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**                    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate at the Bureau County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that the defendants, law enforcement officials in Bureau and LaSalle County, violated the plaintiff's constitutional rights by (1) failing to reimburse him for out-of-pocket expenses he incurred while acting as a confidential informant, and (2) exposing him to danger when they dispatched him on assignments.

The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the **(CONTINUED)**

mjm

6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from October 7, 2010, through April 7, 2011].

The plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint submitted is not on the court's form, as required by Local Rule N.D. Ill. 81.1. More importantly, the complaint on file does not meet the basic requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the plaintiff's claims. Having read the complaint, the court does not understand what constitutional violation the defendants are alleged to have committed.

If the plaintiff is seeking compensation for expenses for expenses he incurred as a confidential informant, then he must file suit in state court. Whether the plaintiff is suing for breach of contract or any other state tort, the matter does not appear to implicate the Constitution. The court discerns no basis for federal subject matter jurisdiction regarding nonpayment for out-of-pocket expenses–even if, as the plaintiff seems to be alleging, the defendants misappropriated the funds in question or otherwise engaged in wrongdoing.

With regard to the plaintiff's claim that he was placed at risk of harm, it strikes the court that acting as a confidential informant is inherently dangerous, and that an individual voluntarily assumes some of that risk when he agrees to act as an informant. Although the plaintiff notes that he was once in a physical confrontation when he was assigned to infiltrate an "all white" bar (presumably, the plaintiff is a person of color), he has alleged no facts suggesting that the defendants acted with deliberate indifference to a substantial risk of harm.

In the prison context, a plaintiff must show that a "substantial risk of serious harm" existed and that the guard subjectively disregarded that risk." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The plaintiff in this case, however, was not a prisoner whose ability to protect himself was taken away. Rather, he chose to enter a dicey situation for compensation. Thus, the plaintiff has less recourse than an inmate unable to defend himself. Unless the plaintiff can articulate facts showing how the defendants subjected him to an unreasonable risk of harm, he has no constitutional claim.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. The amended complaint should briefly state how each named defendant violated a constitutional **(CONTINUED)**

| STATEMENT (continued) |
|---|

right. To aid the court's understanding, the plaintiff should write in plain English, and refrain from using legal buzzwords. The court does not expect–or want–the plaintiff to write like a lawyer. Nevertheless, the plaintiff would be well advised to conduct some basic legal research prior to drafting an amended complaint in order to avoid being assessed a "strike" under 28 U.S.C. § 1915(g). Pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.**

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.